NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Submitted May 16, 2012[*]
Decided May 16, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 11-3828

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:09-CR-00062(01)RM |
| MARTIN BESERRA, *Defendant-Appellant.* | Robert L. Miller, Jr., *Judge*. |

**O R D E R**

After the Sentencing Commission retroactively reduced the base offense level for most drug crimes involving crack cocaine, Martin Beserra moved under 18 U.S.C. § 3582(c)(2) to reduce his sentence. The district court granted the motion, but Beserra argues here that the court erroneously thought it could not further reduce his sentence. We affirm the decision.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(c).

After Beserra pleaded guilty to distribution, 21 U.S.C. § 841(a)(1), the district court found him responsible for 87 grams of crack, which corresponded to a base offense level of 30 under the guidelines then in effect, *see* U.S.S.G. § 2D1.1(c)(5) (2009). The court added 2 levels each for possession of a gun, *id.* § 2D1.1(b)(1), and leadership role, *id.* § 3B1.1(c), and subtracted 3 levels for acceptance of responsibility, *id.* § 3E1.1, resulting in a total offense level of 31. Beserra's 7 criminal history points—including 2 "recency" points for committing the distribution offense within 2 years of his release—placed him in a criminal history category of IV. U.S.S.G. § 4A1.1(a), (e) (2009). Together, his offense level and criminal history category yielded an imprisonment range of 151 to 188 months. The court noted, however, that the Sentencing Commission had proposed an amendment to do away with "recency" points because studies had found no connection between the speed of reoffense and the likelihood of future recidivism. Without those recency points Beserra's criminal history category would have been III, and his imprisonment range would have been 135 to 168 months. With that in mind, the court exercised its discretion, *see* 18 U.S.C. § 3553(a), and imposed a below-guidelines sentence of 138 months. *See United States v. Booker*, 543 U.S. 220 (2005).

The following year, the Sentencing Commission retroactively amended § 2D1.1 to implement the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which increased the quantities of crack mandating minimum prison terms under § 841(b)(1). *See* U.S.S.G. app. C, amends. 748, 750, 759. Consequently, Beserra moved to reduce his prison sentence based on a revised range of 100 to 125 months, and he requested a further reduction to 87 months to mirror the sentencing court's original below-guidelines sentence. The district court granted the motion in November 2011 but reduced Beserra's sentence only to 100 months after concluding that § 3582(c)(2) did not authorize a below-guidelines sentence. *See* U.S.S.G. § 1B1.10(b)(2)(A).

Beserra makes two arguments for the first time on appeal: first, he argues that the district court erred in concluding for purposes of § 3582(c)(2) that his criminal history category at sentencing was IV. He argues that the sentencing court actually placed him in criminal history category III, giving him an original imprisonment range of 135 to 168 months and, thus now, a revised range of 87 to 108 months. But, in fact, as evidenced by the transcript of the sentencing hearing, the district court stated that Beserra was "in criminal history category IV, so the sentencing guidelines recommend a sentence of 151 to 188 months' imprisonment." Beserra's confusion arises from the court's exercise of discretion under § 3553(a), *see Kimbrough v. United States*, 552 U.S. 85, 110–12 (2007), to disagree as a matter of policy with the then-existing guidelines' inclusion of "recency " points, *see* U.S.S.G. § 4A1.1(a), (e) (2009). The court determined that the imprisonment range would have been 135 to 168 months without the recency points and, on that basis, imposed a sentence of 138 months with the explanation that a higher sentence would "overvalue[] the

'recency' point." Yet, it is the actual imprisonment range, not the term imposed, that governs a reduction under § 3582(c)(2). *See* U.S.S.G. § 1B1.10; *United States v. Guyton*, 636 F.3d 316, 319 (7th Cir. 2011). The district court's analysis is not undermined by the Sentencing Commission's recent repeal of the use of recency points, as that repeal did not become effective until four months after Beserra was sentenced and is not retroactive. *See id.* & app. C, amend. 742.

Second, Beserra asserts that the district court was nevertheless empowered to impose a below-guidelines sentence because, quoting from *Freeman v. United States*, 131 S. Ct. 2685, 2693 (2011), he argues that "the original sentence was itself a downward departure." That characterization is mistaken. A sentence reduction under 3582(c)(2) is permitted only to the extent consistent with the Sentencing Commission's implementation of that provision through § 1B1.10. *See Dillon v. United States*, 130 S. Ct. 2683, 2688–89 (2010). Beserra's original sentence was not a downward departure but rather, in the language of § 1B1.10 as it existed when Beserra was sentenced, "a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005)." *See* U.S.S.G. § 1B1.10(b)(2)(B) (2009). Under that version of § 1B1.10, a further reduction below the bottom of the revised imprisonment range "generally would not be appropriate" when granting a motion under § 3582(c)(2), though the government concedes that a new sentence below the revised range would have been authorized if the defendant originally received a below-guidelines prison term. *See id.*; *United States v. Cunningham*, 554 F.3d 703, 705 (7th Cir. 2009). But Beserra's motion under § 3582(c)(2) was granted after the Sentencing Commission had cabined the district court's discretion by adopting Amendment 759, which took effect on November 1, 2011, twenty days before the ruling from which Beserra appeals. *See* U.S.S.G. app. C, amend. 759; 76 Fed. Reg. 41332–34 (July 13, 2011). Under the amended version of § 1B1.10, a district court shall not reduce a term of imprisonment below the revised guidelines range unless the court originally imposed a below-guidelines term of imprisonment "pursuant to a government motion to reflect the defendant's substantial assistance." *See* U.S.S.G. § 1B1.10(b)(2) & cmt. n. 3. That narrow exception excludes Beserra.

Beserra points out in his reply brief that Amendment 759 is not retroactive and therefore, he argues, the district court should have applied the version of § 1B1.10 in effect at the time of his sentencing. But Application Note 6 to § 1B1.10 explicitly instructs the court to apply the version in effect on the date that the court reduces a term of imprisonment, *see* U.S.S.G. § 1B1.10 cmt. n. 6 (2011); *United States v. Rivera*, 662 F.3d 166, 186 n.* (2d Cir. 2011) (Katzmann, J., concurring), and an application note is authoritative unless its interpretation violates the Constitution or a federal statute, or is plainly erroneous, *see Stinson v. United States*, 508 U.S. 36, 38 (1993); *United States v. Katalinic*, 510 F.3d 744, 746 (7th Cir. 2007). As important, Amendment 759 is also the amendment that made portions of Amendment 750 retroactive and empowered the court to reduce Beserra's term of

imprisonment. Not until the 2011 version of § 1B1.10 took effect did the district court have authority to reduce Beserra's term of imprisonment *at all*, let alone to below 100 months. Accordingly, the district court was correct not to further reduce Beserra's term of imprisonment under § 3582(c)(2).

**AFFIRMED**.