[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14549
Non-Argument Calendar
_____

D.C. Docket No. 3:08-cr-00293-HES-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWAN T. GIVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 26, 2013)

Before CARNES, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Antwan Givens appeals the district court's denial of his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and based on Amendment 750 to the Sentencing Guidelines.  After pleading guilty to conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, Givens was found responsible for 1.49 grams of crack cocaine.  Because of his criminal history, Givens was deemed a career offender, with a guideline range of 151 to 188 months, factoring in his acceptance of responsibility.  The district court concluded, however, that the career offender designation overstated Givens's criminal history and the seriousness of the offense, and varied downward, sentencing Givens to 108 months' imprisonment.  On appeal, Givens claims that the district court erred by denying his subsequent § 3582(c)(2) motion because the sentencing court had varied downward from the career offender guideline range so his sentence was at least in part "based on" the crack guidelines.  He also says that the Supreme Court's decision in Freeman v. United States, 131 S.Ct. 2685 (2011), abrogated our decision in United States v. Moore, 541 F.3d 1323 (11th Cir. 2008), in which we concluded that career offenders were not eligible for relief under § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines.  After careful review, we affirm.

We review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines.  Moore, 541 F.3d at 1326.  The district court is required to use the version of the policy statement included at §

1B1.10 that is in effect on the date that the court decides the § 3582(c)(2) motion. U.S.S.G. § 1B1.10, comment. (n.6).

Once pronounced, the district court's authority to modify a sentence of imprisonment is narrowly limited by statute. United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Nevertheless, a district court may modify a defendant's term of imprisonment where the defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). When evaluating whether a defendant is eligible for a reduced sentence, a district court should determine what new sentence, if any, applies, "by substituting the amended guideline range for the originally applied guideline range, and then using that new base level to determine what ultimate sentence it would have imposed." United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000). In § 3582(c)(2) proceedings, a district court must leave "all original sentencing determinations . . . unchanged with the sole exception of the guideline range that has been amended since the original sentencing." Id. at 781 (emphasis in original). Then, the district court determines whether, in its discretion, it will impose the newly calculated sentence under the amended guidelines or retain the original sentence. Id.

Where an amendment does not have the effect of lowering the defendant's applicable guideline range, § 3582(c)(2) relief is inappropriate. 18 U.S.C. §

3

3582(c)(2); U.S.S.G. § 1B1.10(a)(2)(B).  The 2012 Commentary to the Guidelines expressly provides that the applicable guideline range is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance."  U.S.S.G. § 1B1.10, comment. (n.1(A)).  The Supreme Court has held that a Commentary provision "which functions to interpret a guideline or explain how it is to be applied" is binding as long as the Commentary does not conflict with the Constitution, a federal statute, or the guideline at issue.  Stinson v. United States, 508 U.S. 36, 42-43 (1993) (quotations and alterations omitted).  The Court also indicated that the Sentencing Commission could adopt commentary that would overrule prior judicial constructions of a particular provision of the Guidelines, so long as the amended commentary met the above standard.  Id. at 46.

Amendment 750 altered the base offense levels for certain amounts of crack cocaine.  U.S.S.G. App. C, Amends. 748, 750.  Previously, a defendant found responsible for at least 1 but less than 2 grams of cocaine base received a base offense level of 16.  U.S.S.G. § 2D1.1(c)(12) (2008).  Under the current Guidelines and after Amendment 750, a defendant responsible for at least 1.4 but less than 2.8 grams of cocaine base has a base offense level of 14.  U.S.S.G. § 2D1.1(c)(13).

In <u>Moore</u>, we explained that § 3582(c)(2) only authorizes reductions to sentences that were "based on" sentencing ranges that were subsequently lowered. See <u>Moore</u>, 541 F.3d at 1327. Since Amendment 706 did not lower the career offender offense levels, we concluded that it did not lower the sentencing range upon which a career offender's sentence had been based. <u>Id.</u> We also noted that the Commentary to § 1B1.10(a) "ma[de] clear" that a § 3582(c)(2) reduction was not authorized where an amendment lowered a defendant's base offense level for the offense of conviction, but not the career offender sentencing range under which the defendant was sentenced. <u>Id.</u> at 1327-28; <u>see also</u> U.S.S.G. § 1B1.10, comment. (n.1(A)) (noting that, for § 3582(c)(2) relief, the amendment must lower the applicable guideline range, and specifically explaining that an amendment may be applicable to a defendant without lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision). In so doing, we distinguished the facts before us from two out of circuit district court decisions in which the defendants had received downward departures from the career offender guideline range to the otherwise applicable crack cocaine guideline range, after the court determined under U.S.S.G. § 4A1.3 that their criminal histories were substantially overrepresented. <u>Moore</u>, 541 F.3d at 1329-30.

In <u>Freeman</u>, a four-justice plurality ruled that § 3582(c)(2) relief is available to a defendant sentenced under a Fed.R.Crim.P. 11(c)(1)(C) plea agreement that

includes an agreed-upon sentence expressly based on a guideline range that was subsequently lowered by the Sentencing Commission. Freeman, 131 S.Ct. at 2690. In her concurring opinion, Justice Sotomayor said that sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement are based on the agreement itself and not the applicable guideline range. Id. at 2696 (Sotomayor, J., concurring). In United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012), we held that, after Freeman, Moore remains binding precedent in this Circuit. Lawson explained that, in Freeman, neither the plurality nor Justice Sotomayor "addressed defendants who were assigned a base offense level under one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1." Id. Therefore, a defendant convicted of a crack cocaine offense but sentenced as a career offender under § 4B1.1 was still not eligible for a § 3582(c)(2) reduction under Amendment 750. Id.

Here, the district court did not err by denying Givens's § 3582(c)(2) motion. We explicitly rejected Givens's argument about the impact of Freeman on Moore in Lawson, 686 F.3d at 1321. Because Givens was sentenced as a career offender, Moore dictates that Givens is not eligible for a reduced sentence under § 3852(c)(2). See Moore, 541 F.3d at 1327-28. Additionally, the amended Commentary to § 1B1.10 clearly provides that the "applicable guideline range" is the range determined before consideration of any departure provision or any

variance.  See U.S.S.G. § 1B1.10, comment. (n.1(A)).  The Commentary provision, therefore, completely forecloses Givens's argument, especially since the Supreme Court has held that a Commentary provision that explains how a guideline is to be applied is binding so long as the Commentary does not conflict with the Constitution, a federal statute, or the guideline at issue.  See Stinson, 508 U.S. at 42-43, 45.  Further, Givens's argument that the Commentary interprets a statute rather than a guideline provision is misplaced, since the Commentary to § 1B1.10 explains how to calculate the relevant offense level and "applicable guideline range."  See U.S.S.G. § 1B1.10, comment. (nn. 1-6).

Moreover, even if not completely foreclosed by Moore and the Commentary to § 1B1.10, Givens's argument fails because there is no indication in the record that the district court sentenced him "based on" the crack cocaine provisions.  Although the district court noted what Givens's sentence would have been under the crack guidelines at sentencing, the district court did not sentence him in accordance with that range (24 to 30 months).  Rather, he was sentenced to 108 months' imprisonment, and the sizable difference between Givens's sentence and the range based on the crack provisions is sufficient to indicate that Givens's sentence was not based on the crack provisions.  In addition, although the court explained that the career offender range really overstated Given's criminal history and the seriousness of the offense and varied downward as a result, there was no

7

indication that it chose the sentence that it did, 108 months, based on the crack guidelines in § 2D1.1.  Accordingly, we affirm.

**AFFIRMED.**