# United States Court of Appeals
## For the First Circuit

No. 12-1039

UNITED STATES,

Appellee,

v.

WYMAN HOGAN,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Paul J. Barbadoro, U.S. District Judge]

Before

Howard, Stahl, and Thompson,
Circuit Judges.

John T. Ouderkirk, Jr. for appellant.
Seth R. Aframe, Assistant United States Attorney, with whom
John P. Kacavas, United States Attorney, was on brief, for
appellee.
Judith H. Mizner, Assistant Federal Public Defender for the
Federal Public Defender for the Districts of Massachusetts, New
Hampshire and Rhode Island Federal Defender, amicus curiae.

July 5, 2013

**THOMPSON, <u>Circuit Judge</u>.** Appellant Wyman Hogan ("Hogan") was sentenced to 262 months' imprisonment for crack-cocaine related offenses in 2002. When the United States Sentencing Guidelines ("U.S.S.G.") were amended in 2007 to reduce crack-cocaine base offense levels, Hogan moved for and was granted a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The guidelines were amended again in 2011, retroactively lowering the base offense levels further for crack-cocaine offenses. Hogan again moved for a reduction of his sentence under § 3582(c)(2), but the district court denied the motion. Hogan appeals, arguing the district court erred in concluding he was ineligible to receive that reduction. We affirm.

## BACKGROUND

In 2001, a jury found Hogan guilty of conspiracy to possess with intent to distribute and distribution of fifty grams or more of cocaine and cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and possession of cocaine base, in violation of 21 U.S.C. § 844(a). At Hogan's sentencing in 2002, the district court determined his base offense level ("BOL") was 34. After applying a three-level increase for an official victim enhancement and a two-level increase for a leadership role enhancement, as well as a downward adjustment of two levels for acceptance of responsibility, the court found Hogan's total offense level ("TOL") was 37. Although the Presentence Investigation Report ("PSR")

determined Hogan's criminal history category ("CHC") was VI, Hogan requested and the court granted a downward departure pursuant to U.S.S.G. § 4A1.3. The court departed to a CHC of III, on the basis that the CHC of VI "over-represent[ed] the seriousness" of Hogan's criminal history. That departure reduced Hogan's advisory guideline range to 262 to 327 months and the court sentenced Hogan to 262 months and five years of supervised release.

Six years later, Hogan moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), which permits district courts to modify previously imposed sentences in certain circumstances to take into account retroactive guideline amendments.[1] Hogan's motion was based on a 2007 amendment to the Sentencing Guidelines which retroactively reduced base offense levels for crack-cocaine offenses by two levels. See U.S.S.G. app. C, amends. 706, 713 (effective Nov. 1, 2007); United States v. Caraballo, 552 F.3d 6, 8 (1st Cir. 2008) (noting the amendment "adjust[ed] downward by two levels the base offense level ascribed to various quantities of crack cocaine" in the Guidelines Manual drug quantity table). The government and Hogan stipulated to the retroactive application of

---

[1]Under 18 U.S.C. § 3582(c)(2), a district court may reduce a sentence previously imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court may reduce the sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and if reducing the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." Id.

-3-

the sentencing guideline amendment and agreed Hogan's BOL should be reduced from 34 to 32, which reduced his TOL from 37 to 35, and yielded a guideline range of 210 to 262 months. The parties proposed the amended sentence should be 210 months. The district court concluded that the version of U.S.S.G. § 1B1.10 in effect at the time allowed it to apply the same departure in Hogan's CHC -- from CHC VI to CHC III -- it had applied at his initial sentencing. See U.S.S.G. § 1B1.10(b)(2) (pre-2011 amendments) (providing that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing," the defendant could be granted "a reduction comparably less than the amended guideline range"). Applying the CHC departure, the court determined the revised guideline range was 210 to 262 months and agreed with the parties that Hogan's sentence should be reduced to 210 months.

In 2011, the Sentencing Commission adopted Amendments 750 and 759, both effective November 1, 2011. Amendment 750 retroactively implemented the Fair Sentencing Act of 2010 ("FSA"), which reduced the statutory penalties for crack-cocaine offenses. See Fair Sentencing Act of 2010 § 2(a), Pub. L. No. 111-220, 124 Stat. 2372; U.S.S.G. app. C, amend. 750 (effective Nov. 1, 2011). The change in drug amounts reduced the "100-to-1 crack-to-powder ratio to 18-to-1." Dorsey v. United States, 132 S. Ct. 2321, 2329 (2012). While Amendment 750 made further retroactive reductions to

the crack-cocaine guidelines, Amendment 759 limited the availability of relief for prisoners who received below-guideline sentences in the first instance.

As part of Amendment 759, the Sentencing Commission amended policy statement § 1B1.10(b)(2).  Prior to Amendment 759, § 1B1.10(b)(2)(A) prohibited reducing a defendant's sentence under 18 U.S.C. § 3582(c)(2) "to a term that is less than the minimum of the amended guideline range[.]" U.S.S.G. § 1B1.10(b)(2)(A) (2010).  There was an exception to this rule under § 1B1.10(b)(2)(B), which allowed a "reduction comparably less than the amended guideline range" in cases where "the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing." Id. § 1B1.10(b)(2)(B) (2010).  Amendment 759 kept § 1B1.10(b)(2)(A) intact, but changed the exception found in § 1B1.10(b)(2)(B) under which a court could further reduce a defendant's sentence.  Now, § 1B1.10(b)(2)(B) allows a reduction comparably less than the amended guideline range only if the below-guideline sentence was due to the defendant's substantial assistance to the government.  Specifically, newly-amended § 1B1.10(b)(2)(B) provides that if a defendant's term of imprisonment "was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities,

-5-

a reduction comparably less than the amended guideline range . . . may be appropriate."  U.S.S.G. § 1B1.10(b)(2)(B) (2011).  In addition, the Commission amended Application Note 1 to § 1B1.10(b)(2) which says that the "guideline range" consisting of "the offense level and criminal history category determined pursuant to § 1B1.10(a) . . . is determined before consideration of any departure provision in the Guidelines Manual or any variance." Id. § 1B1.10 cmt. n.1.

Based on the retroactive application of the 2011 guideline amendments, Hogan moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  This time, the district court denied Hogan's motion.  The court concluded that although the retroactive application of the 2011 guideline amendments resulted in a two-level reduction in Hogan's BOL from 32 to 30, and a corresponding reduction in his TOL from 35 to 33, the amended version of § 1B1.10(b)(2) did not entitle Hogan to a "reduction comparably less" than his amended guideline because he had been sentenced to a below-guideline sentence. United States v. Hogan, 00-CR-100-01-PB, 2011 WL 6337629, at *2 (D.N.H. Dec. 16, 2011).

The revised version of § 1B1.10(b)(2) under Amendment 759, the court said, did not permit it to apply the CHC III departure in calculating Hogan's guideline range -- the same departure the court had applied in 2002 at his initial sentencing and in 2008 when granting Hogan's motion to reduce his sentence

based on the pre-2011 amendments.[2]   The court applied Hogan's original CHC (VI), instead of the reduced CHC (III), and a TOL of 33 (reduced per the 2011 guideline amendments), resulting in an amended guideline range of 235 to 293 months.  Because the amended guideline range exceeded Hogan's modified sentence of 210 months, the court found the language of the newly-amended § 1B1.10(b)(2) prohibited any further reduction to the 210-month sentence and that Hogan was therefore ineligible for relief under 18 U.S.C. § 3582(c)(2).  This is Hogan's appeal.

## DISCUSSION

Hogan says the district court erred in concluding he was ineligible under 18 U.S.C. § 3582(c)(2) for a sentence reduction. As best we can tell, Hogan raises two arguments in his brief: first, that the district court was wrong in finding the revised commentary in Application Note 1 bars the district court from applying his reduced CHC of III from his original sentencing in calculating the amended guideline range; and second, that the newly-amended U.S.S.G. § 1B1.10(b)(2) does not prohibit the district court from considering his reduced CHC in further reducing his below-guideline sentence.

---

[2]Given the court's conclusion that it could not apply, as it had before, the same CHC III departure, we infer that the court had considered Application Note 1 to the amended § 1B1.10(b)(2)(B) although it did not expressly mention it in its decision.

The sole issue on appeal is therefore whether Hogan, who received a CHC reduction at his original sentencing, is entitled to the application of the same or a similar reduction at re-sentencing under § 3582(c) in light of the newly-amended sentencing guideline, § 1B1.10(b)(2), and its commentary, Application Note 1. Because this is a purely legal question, our review is de novo. See United States v. Roa-Medina, 607 F.3d 255, 258 (1st Cir. 2010).

Our starting point is 18 U.S.C. § 3582(c)(2), the statute under which Hogan moved to reduce his sentence. Under § 3582(c)(2), a district court may reduce a sentence previously imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A court may reduce the sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable" and if reducing the sentence is "consistent with applicable policy statements issued by the Sentencing Commission." Id.

The parties agree that the applicable Commission policy statement on § 3582(c)(2) sentence reductions is the newly-amended U.S.S.G. § 1B1.10(b). Section 1B1.10(b) outlines the approach courts are to take in determining whether and to what extent a sentence reduction under 18 U.S.C. § 3582(c)(2) and the policy statement is warranted. See U.S.S.G. § 1B1.10(b). Under §

-8-

1B1.10(b)(1), the court must first determine the amended guideline range that would have applied to the defendant if the guideline amendments specified in the policy statement (which include Amendment 750) were in effect at the time of the defendant's initial sentencing.  Id. § 1B1.10(b)(1).  In doing so, the court may substitute only the amended guideline and must "leave all other guideline application decisions unaffected."  Id.  Once a court determines the amended guideline range, it must look to § 1B1.10(b)(2) to see whether and to what extent it can reduce the defendant's sentence.

As we mentioned, Hogan's first challenge to the district court's denial of relief under 18 U.S.C. § 3582(c)(2) attacks the way the court calculated his amended guideline range pursuant to U.S.S.G. § 1B1.10(b)(1).  He argues the court should have applied the downward departure he received in his criminal history category at his initial sentencing when calculating the amended guideline range.  We disagree.

We need look no further than Application Note 1 to determine whether § 1B1.10(b)(1) allows courts to consider departures prior to determining the applicable guideline range. The plain language of Application Note 1(A) makes clear that the applicable guideline range calculated under § 1B1.10(b)(1) corresponds to the offense level and criminal history category which is "determined before consideration of any departure

provision in the Guidelines Manual." U.S.S.G. § 1B1.10 cmt. n.1(A) (emphasis added). Thus, Application Note 1 prohibits courts from applying departures prior to the determination of the amended guideline range in a proceeding for a sentence reduction under 18 U.S.C. § 3582(c)(2). See United States v. Montanez, 11-4933-CRL, 2013 WL 2346409, at *4 (2d Cir. May 30, 2013); United States v. Steele, 714 F.3d 751, 754 (2d Cir. 2013); United States v. Givens, No. 12-14549, 2013 WL 1197899, at *2-3 (11th Cir. Mar. 26, 2013) (unpublished); United States v. Valdez, 492 F. App'x 895, 898-99 (10th Cir. 2012) (unpublished).

A commentary provision, such as Application Note 1, "which functions to interpret a guideline or explain how it is to be applied" is binding as long as the Commentary does not conflict with the Constitution, a federal statute, or the guideline at issue. Stinson v. United States, 508 U.S. 36, 42-43 (1993) (internal quotation marks and alterations omitted). We find meritless Hogan's sole argument as to why the Application Note is not binding. Hogan argues that Application Note 1 conflicts with 18 U.S.C. § 3582(c)(2) "to the extent [Application Note 1's] application prohibits the court from reducing a defendant's sentence" where the district court applied a downward departure to lower his guideline range at his initial sentencing but can no longer apply that departure to determine the amended guideline range. Hogan's argument ignores the authority and "substantial

-10-

role" regarding sentence-modification proceedings that Congress gave the Commission. Dillon v. United States, 130 S. Ct. 2683, 2691 (2010). Congress authorized the Commission to decide not only whether to amend the Sentencing Guidelines, 28 U.S.C. § 994(o), and to determine whether and to what extent an amendment would be retroactive, id. § 994(u), but also to determine the extent to which -- "by what amount" -- sentences may be reduced based on those that it makes retroactive, Dillon, 130 S. Ct. at 2691. In 18 U.S.C. § 3582(c)(2), Congress explicitly stated that courts may reduce a sentence only if the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). And, courts are "require[d]" to "follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Dillon, 130 S. Ct. at 2691. In prohibiting further reductions to a defendant serving a below-guideline sentence based on departures other than those granted because of the defendant's substantial assistance, the Commission has plainly indicated "by what amount" sentences may be reduced on the basis of retroactive amendments. We reiterate, as the Supreme Court has already made clear, that § 3582(c)(2) does not give the defendant a resentencing opportunity. Id. at 2690 ("[Section] 3582(c)(2) does not authorize a sentencing or resentencing proceeding."). Under § 3582(c)(2), Congress instead "intended to

authorize only a limited adjustment to an otherwise final sentence," id. at 2691, "within the narrow bounds established by the Commission," id. at 2694. Those narrow bounds, found in § 1B1.10 and the Application Note, constrained what the court could do in modifying Hogan's sentence in this case. Id. at 2691 (noting that "§ 1B1.10(b)(2) also confines the extent of the reduction authorized").

To be sure, the Commission's decision to revise Application Note 1 under the 2011 guideline amendments was careful and deliberate. The Commission noted that the version of § 1B1.10 in effect prior to November 1, 2011 had "one rule for downward departures (stating that 'a reduction comparably less than the amended guideline range . . . may be appropriate') and another rule for variances (stating 'that a further reduction generally would not be appropriate')." U.S.S.G. app. C, amend. 759 (Reason for Amendment). The difficulty in applying the distinction for cases in which the term of imprisonment was less than the minimum of the applicable guideline range prompted the Commission to determine that in the context of § 1B1.10, "a single limitation applicable to both departures and variances furthers the need to avoid unwarranted sentencing disparities and avoids litigation in individual cases." Id. The Commission said the "limitation that prohibits a reduction below the amended guideline range in such

cases promotes conformity with the amended guideline range and avoids undue complexity and litigation." Id.[3]

At oral argument, Hogan raised for the first time three arguments concerning the enforceability of Application Note 1. He contended that Application Note 1 is not binding because: (1) it conflicts with the text of § 1B1.10(b)(1); (2) it conflicts with the purpose of the FSA; and (3) the Commission failed to comply with the Administrative Procedure Act, 5 U.S.C. § 551-559, notice-and-comment requirements when amending the policy statement.[4]

---

[3]Before the 2011 guideline amendments, the circuits were split "about when, if at all, the court applies a departure provision before determining the 'applicable guideline range' for purposes of § 1B1.10." U.S.S.G. app. C, amend. 759 (Reason for Amendment). As the Commission has noted, we, along with the Second and Fourth Circuits had held that, for § 1B1.10 purposes, at least some departures -- i.e., departures under § 4A1.3 -- "are considered before determining the applicable guideline range, while the Sixth, Eighth, and Tenth Circuits have held that the only applicable guideline range is the one established before any departures." Id. (internal quotation marks and citations omitted). Recognizing the circuit split, the Commission amended Application Note 1 to "adopt[] the approach of the Sixth, Eighth, and Tenth Circuits" and "clarify that the applicable guideline range referred to in § 1B1.10 is the guideline range determined . . . before consideration of any departure provision in the Guidelines Manual or any variance." Id.

[4]Hogan's brief notes that the guideline amendments promulgated by the Commission retroactively implemented the reduced statutory penalties for crack-cocaine offenses under the FSA but does not specifically argue that the 2011 guideline amendments are inconsistent with the FSA. Instead, he makes the broad statement, without explaining why, that the FSA and the guideline amendments did not require the district court to return to the pre-departure CHC of VI when determining the applicable guideline range under U.S.S.G. § 1B1.10(b)(1) and in declining to further reduce Hogan's sentence under § 1B1.10(b)(2).

-13-

Hogan made no mention of any of these arguments in his brief. Thus, his argument that Application Note 1 is not binding based on those grounds is waived. See United States v. Bayard, 642 F.3d 59, 66 n.10 (1st Cir. 2011) (noting that arguments raised at oral argument but not in a party's initial brief are waived); United States v. Giggey, 551 F.3d 27, 36-37 (1st Cir. 2008) (same).[5]

We now turn to Hogan's argument that § 1B1.10(b)(2) does not preclude a reduction below the 210-month sentence he is currently serving. Hogan says the CHC downward departure he received at his original sentencing should apply to yield a sentence reduction "comparably less than the amended guideline range," U.S.S.G § 1B1.10(b)(2)(B), which in his case is 235 to 293 months applying a CHC of VI.

---

[5]We invited the Federal Public Defender for the Districts of Massachusetts, New Hampshire and Rhode Island to file an amicus brief to address whether Hogan, who received a reduction in his CHC at his original sentencing, is entitled to the application of the same or a similar reduction upon consideration of a re-sentencing motion under § 3582(c)(2).

At oral argument, counsel for Hogan "direct[ed]" us to the pages on which the amicus's argument that Application Note 1 was promulgated in violation of the non-delegation doctrine and separation of powers doctrine appeared, and asked the argument be "incorporated" in his brief. But such cursory allusion is the type of "generalized reference" that is "insufficient to place the putative adopter's weight behind the argument." In re Sony BMG Music Entm't, 564 F.3d 1, 3 n.3 (1st Cir. 2009); see R.I. Dep't of Envtl. Mgmt. v. United States, 304 F.3d 31, 47 n.6 (1st Cir. 2002).

We thank the Federal Public Defender for filing its amicus brief. The amicus was of great assistance in helping us think through the issue Hogan raised on appeal.

Our analysis starts and ends with the plain and unambiguous language of § 1B1.10(b)(2)(A) and (B). Pursuant to § 1B1.10(b)(2)(A), a court cannot reduce a defendant's sentence under "18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1)." U.S.S.G. § 1B1.10(b)(2)(A).[6] The only exception to this rule is found in § 1B1.10(b)(2)(B). Under § 1B1.10(b)(2)(B), reductions "comparably less than the amended guideline range" are permitted only in cases where the original term of imprisonment was below the applicable guideline range "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." Id. § 1B1.10(b)(2)(B).[7] Every circuit court to have addressed the issue agrees that § 1B1.10(b)(2)(B) bars a district court from lowering a defendant's below-guideline sentence unless the departure at his original sentencing was based on his substantial assistance to the government. See United States v. Berberena, 694 F.3d 514, 518-19 (3rd Cir. 2012); United States v. Anderson, 686 F.3d 585, 588 (8th

---

[6]The Application Notes reiterate the limitation laid out in § 1B1.10(b)(2)(A) that, subject to the exception under subsection (b)(2)(B), the court cannot reduce a defendant's sentence to a term less than the minimum of the amended guideline range determined under subdivision (1). U.S.S.G. § 1B1.10 cmt. n.3.

[7]The Application Notes reinforce this interpretation, stating that a defendant may seek a further reduction only if the initial sentence was lowered pursuant to a substantial assistance motion by the government. U.S.S.G. § 1B1.10 cmt. n.3.

Cir. 2012); United States v. Glover, 686 F.3d 1203, 1207 (11th Cir. 2012); accord United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013); United States v. Lizalde, No. 10-50445, 2012 WL 6758274, at *2 n.2 (9th Cir. Dec. 19, 2012) (unpublished); Valdez, 492 F. App'x at 898-99; United States v. Beserra, 466 F. App'x 548, 550 (7th Cir. 2012) (unpublished). We see no reason to depart from our sister circuits given the plain language of § 1B1.10(b)(2)(A) and (B).

In the instant case, Hogan received a below-guideline sentence but it was based on a departure in his CHC, not substantial assistance to the government. So he does not fall within the exception under § 1B1.10(b)(2)(B) to receive a "reduction comparably less than the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(B). To obtain relief under § 3582(c), the guideline amendments at issue must "lower[]" a defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B) ("A reduction in [a] defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range"). Here, they do not. Hogan's amended guideline range is 235 to 293 months and he received a below-guideline sentence of 210 months.

Accordingly, the district court committed no error in determining that Hogan was ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

We, like the Second Circuit in Montanez, question as a policy matter, why courts "should not have the discretion to give defendants the benefit of § 4A1.3 departures during sentencing reduction proceedings." 2013 WL 2346409, at *6. Because the Commission has made clear that a defendant's "amended guideline range" does not incorporate previously granted departures under § 4A1.3, a defendant's criminal history category that overstates his past crimes during an initial sentencing will continue to do so when that defendant moves for a reduction. We are troubled by the extent to which the amended policy statement and Application Notes severely limit the number of defendants (receiving below-guideline sentences at initial sentencing based on § 4A1.3 departures unrelated to substantial assistance) who will be able to obtain relief under § 3582(c)(2) in light of the crack-cocaine guideline amendments. Despite our concerns, in these instances the district court's hands, as they were in this case, will be tied. **Affirmed.**