# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10701

United States Court of Appeals
Fif h Circuit

**FILED**
June 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff-Appellee

v.

JASON DEJUAN LEATCH, also known as Criptonite,

     Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, HAYNES, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

From time to time, the Sentencing Commission decides to lower the guideline range applicable to an offense and gives retroactive effect to that reduction for those sentenced before the change. Amendment 782 to the Guidelines was one such change. It lowered by two the offense level for most drug crimes.[1] As a result of this change, Jason Dejuan Leatch, had his 262-month sentence for trafficking in crack cocaine reduced to 235 months. His appeal contends that he should have received a greater reduction to account

---

[1] As its reasons for the change, the Commission cited its "determination that setting the base offense levels above mandatory minimum penalties is no longer necessary and that a reduction would be an appropriate step toward alleviating the overcapacity of federal prisons." U.S.S.G. app. C, amend. 782 (Nov. 1, 2014).

for the downward departure based on overrepresented criminal history that the district court awarded him at his original sentencing. We decide whether a district court considering a motion to reduce a sentence based on a retroactive change to the Guidelines must disregard any downward departures previously granted (other than one based on substantial assistance to the government) and, if so, whether this poses any constitutional or other problems.

Leatch was convicted of three counts of distributing cocaine base and one count of conspiring to traffic in more than 50 grams of that substance. At sentencing, the district court found that Leatch's criminal history category of V was overrepresented pursuant to U.S.S.G. § 4A1.3(b) and departed downward to a category of IV. The court then imposed a sentence at the low end of the guideline range that resulted from that reduced criminal history category: 262 months for the conspiracy offense.[2]

After Amendment 782 was announced, Leatch sought a reduction to his sentence. The district court determined that Amendment 782 reduced the applicable sentencing range to 235-293 months and imposed a new sentence of 235 months. Leatch asserted that the district court should also reapply the criminal history category departure in determining the new range. With that departure included, the new range would be 210-262 months. The district court reluctantly concluded, however, that U.S.S.G. § 1B1.10 forbade the consideration of any departures in determining the applicable guideline range for a sentencing reduction.

A defendant is eligible for a sentence reduction if the guidelines range originally applicable was subsequently lowered as a result of an amendment to the Sentencing Guidelines that was given retroactive effect by being listed

---

[2] The sentence was 240 months for the substantive offenses as that was the statutory maximum for those crimes.

in section 1B1.10(d).  U.S.S.G. § 1B1.10(a)(1).  A district court considering a reduction under section 3582(c)(2) must "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . had been in effect at the time the defendant was sentenced."  *Id.* § 1B1.10(b)(1).  With only one exception, the amended range sets the lower limit of the court's reduction authority: ""Except as provided in subdivision (B) the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range."   *Id.* § 1B1.10(b)(2)(A).  The exception is for a case in which the defendant received a downward departure at the original sentence hearing for providing substantial assistance to the government.  *Id.* § 1B1.10(b)(2)(B) (explaining that a defendant at a sentencing reduction hearing may receive a reduction from the new guideline range  for cooperation under section 5K1.1 comparable to the one originally granted).  There is no exception listed for any other downward departures such as the one Leatch received because the court believed his criminal history was overrepresented.

Leatch nonetheless maintains that a section 4A1.3(b) criminal history departure may be reapplied as part of a sentence reduction because he views it is part of the original guideline calculation that just gets adjusted to take account of the amendment.  In other words, he is not seeking a departure from the new range; he believes that the downward departure for overrepresented criminal history should be used in calculating that new range.  He argues that the Guidelines clearly provide that a departure for unrepresentative criminal history is part of the Guideline itself, citing the basic Guidelines instructions found in section 1B1.1(a)(6).  Among other things, that section provides that a court shall "[d]etermine the defendant's criminal history category as specified in Part A of Chapter 4."  *Id.* § 1B1.1(a)(6).  Because the departure he received

No. 16-10701

is found in that part of the Guidelines, he contends it is part of the original range that is simply adjusted at a sentencing reduction hearing to account for the retroactive amendment.

Even if his view has some merit to it, the Guidelines language does not unambiguously support it. Chapter 4 first lists the points assigned to prior convictions that a court uses to "*determine* the criminal history category." *Id.* § 4A1.1 (emphasis added). Only after that calculation is performed does Section 4A1.3 come into play, which discusses the procedure for "[d]epartures based on inadequate criminal history category." A "departure" is a divergence from the norm. By definition then, the departure Leatch received at his first sentencing was something outside the originally calculated range. *United States v. Mejia-Huerta*, 480 F.3d 713, 721 (5th Cir. 2007) ("When a sentencing court found such an exception and exercised its limited discretion to sentence outside the applicable Guidelines range, the court was said to be engaging in a 'departure' from the Guidelines."); *United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006) (noting that a Presentence Report discussed the possibility that the "Court could depart *from the guideline range* under U.S.S.G. § 4A1.3" (emphasis added)). Indeed, the Rule of Criminal Procedure recognize that a departure like the one Leatch received is apart from, rather than part of, the "applicable sentencing range." FED. R. CRIM. P. 32(d). The rule provides that a presentence report must, among other things: 1) "calculate the defendant's offense level and criminal history category; 2) "calculate the resulting sentencing range;" and 3) only then, "identify any basis for departing from the applicable sentencing range." *Id.* Other features of sentencing demonstrate that the calculation of the "applicable" range is a separate step from determining whether a departure should apply. Notice must be given before "the court may depart from the applicable sentencing range." FED. R.

4

CRIM. P. 32(h). And the difference between the applicable sentencing range and the sentenced that resulted a departure is used by a reviewing court to assess the reasonableness of the departure. *Zuniga-Peralta*, 442 F.3d at 348 (assessing whether the district court abused its discretion in giving an "ultimate sentence of sixty months" that was "nearly double the initial sentencing range"). To be sure, there is a way to look at this process that supports Leatch's characterization. Unlike a *Booker* variance which is considered "outside the Guidelines," a sentence that includes a Guidelines-sanctioned departure is often still deemed a "*Guidelines sentence* that included an upward or downward departure." *Mejia-Huerta*, 480 F.3d at 721 (emphasis added). But for the reasons we have explained, the Guidelines can also be read to treat a departure as just that—something outside the guideline range.

With that uncertainty, we are able to consider whether the Commission's commentary to the Guidelines provides a clear answer to our question. It does. Recall that the key term the Guidelines use as the starting point for a reduction is the "applicable" guideline range.[3] U.S.S.G. 1B1.10(b)(1); *United States v. Montanez*, 717 F.3d 287, 292 (2d Cir. 2013) (noting that this section's "use of the word 'applicable' has technical significance"). Commentary defines "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to section 1B1.1(a), which is determined *before consideration of any departure provision* in the Guidelines Manual or any variance." § 1B1.10, comment. n.1(A) (2014) (emphasis added). Another application note drives home the point with the following example:

> If the term of imprisonment imposed [at a defendant's original sentencing] was outside the guideline range applicable to the defendant

---

[3] Notably, "applicable sentencing range" is also the language Rule 32 repeatedly uses for the determination that comes before any departure is considered. FED. R. CRIM. P. 32(d), (h).

> at the time of sentencing, the limitation in subsection (b)(2)(A) ... applies. Thus, if the term of imprisonment imposed [based on an applicable guideline range of 70 to 87 months] ... was a sentence of 56 months (constituting a downward departure or variance), the court ... may [, after a guideline amendment lowers the applicable range to 51 to 63 months,] reduce the defendant's term of imprisonment, but shall not reduce it to a term less than 51 months.

U.S.S.G. § 1B1.10 cmt. n.3.

Other sections of the commentary also directly counter Leatch's view that a departure for overrepresented criminal history is part of the guideline range itself. The starting point for this analysis is commentary to section 4A1.3, which states that "departure" is defined pursuant to the commentary in section 1B1.1. *See id.* § 4A1.3 cmt. n.1. That commentary defines a section 4A1.3 "departure" as "assignment of a criminal history category other than the otherwise applicable criminal history category, in order to effect a sentence *outside the applicable guideline range.*" § 1B1.1 cmt. n.1(E) (emphasis added). The commentary thus "lead[s] to the ineluctable conclusion that a court does not depart under § 4A1.3 when calculating a defendant's applicable guideline range, but instead departs *from* the applicable guideline range under § 4A.1.3 *after* having calculated that range." *United States v. Montanez*, 717 F.3d 287, 292 (2d Cir. 2013). And that means the post-departure range cannot be used as the starting point when calculating the amended range for a sentencing reduction. *Montanez*, 717 F.3d at 291–94.

This is the unanimous view of the circuits that have decided the question since the Commission in 2011 added the commentary providing that the "applicable guideline range" is "the guideline range that corresponds to the offense level and criminal history category determined pursuant to section 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. app. C, amend 759 (2011). *See Montanez*, 717 F.3d at 294; *United States v. Hogan*, 722 F.3d

55, 63 (1st Cir. 2013); *United States v. Ornelas*, 825 F.3d 548 (9th Cir. 2016); *United States v. Muldrow*, 844 F.3d 434, 437 (4th Cir. 2016); *United States v. Beckham*, 838 F.3d 731, 733 (6th Cir. 2016).  Prior to the commentary, circuits were split on whether district courts could take account of a prior departure for overrepresented criminal history when reducing a sentence.  *Compare United States v. Fleming*, 617 F.3d 252, 272 (3rd Cir. 2010), *and United States v. McGee*, 553 F.3d 225, 229–30 (2d Cir. 2009) (both taking account of the departure)*, with United States v. Pembrook*, 609 F.3d 381, 384 (6th Cir. 2010), *and United States v. Darton*, 595 F.3d 1191, 1197 (10th Cir. 2010) (both not taking account of it).  The commentary was aimed at resolving the split  *See* U.S.S.G. app. C (2011) (giving reasons for Amendment 759); *see also United States v. Muldrow*, 844 F.3d 434, 437 (4th Cir. 2016).  To give that commentary effect, we must join the other circuits that have followed the Commission's instruction.

That leaves Leatch's arguments that this constraint in the Guidelines for sentencing reductions is unlawful.  He first contends that a district court's inability to impose the previously-applied departure violates *United States v. Booker*, 543 U.S. 220 (2005).  But we have previously held that *Booker* does not apply to section 3582(c)(2) proceedings, because a sentence reduction under the limited circumstances specified by the Sentencing Commission is not a full resentencing.  *Dillon v. United States*, 560 U.S. 817, 826 (2010); *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).  Nor has Leatch established a due process violation, as he is unable to show that he had a protected interest in receiving both a sentence reduction under section 3582(c)(2) and a reduced criminal history category under section 4A1.3(b).  *See United States v. Chapple*, 847 F.3d 227, 231 (5th Cir. 2017); *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010).  No ex post facto violation occurred, as the amendment to the section

1B1.10 commentary did not have the effect of retroactively increasing the punishment for an offense. *See United States v. Caulfield*, 634 F.3d 281, 283 (5th Cir. 2011). And we have rejected the argument that Congress's instructions that the Sentencing Commission determine whether and when a sentencing reduction should apply violates the separation of powers. *United States v. Garcia*, 655 F.3d 426, 434-35 (5th Cir. 2011).

Leatch has also not established that the district court's inability to reapply the departure violates res judicata or collateral estoppel, because a section 3582(c)(2) reduction proceeding operates under a different set of rules from a resentencing. *Dillon*, 560 U.S. at 825–26. The 3582(c)(2) proceeding does not fit into a preclusion framework because it is not the same action as the earlier resentencing.

As for his contention that depriving him of the departure will undermine the sentencing goal of proportionality between himself and his codefendants, a sentence reduction under section 3582(c)(2) is distinct from a full resentencing proceeding. *Id.* at 825–26; *Doublin*, 572 F.3d at 238. The failure to incorporate the goals of sentencing into a provision constituting "a congressional act of lenity intended to give prisoners the benefit of later enacted adjustments to the judgments reflected in the Guidelines" does not render the proceedings unjust. *Dillon*, 560 U.S. at 828.

Some of the circuits that agree that the Guidelines disallow a sentencing court from reapplying a prior criminal history departure have nonetheless agreed with Leatch's critique of that policy decision. *See, e.g.*, *Montanez*, 717 F.3d at 294 ("[W]e question why a court should not have the discretion to give defendants the benefit of section 4A1.3 departures during the sentencing reduction proceedings. A criminal history category that exaggerates a defendant's past crimes during an initial sentencing will continue to do so at a

reduction."); *Hogan*, 722 F.3d at 63 ("Because the Commission has made clear that a defendant's 'amended guideline range' does not incorporate previously granted departures under §4A1.3, a defendant's criminal history category that overstates his past crimes during an initial sentencing will continue to do so when that defendant moves for a reduction."). They make some good points. But as it is solely through the Commission's grace that these retroactive reductions come about, it is for that body to decide the wisdom of limits on the scope of such reductions.

The judgment of the district court is AFFIRMED.