# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51314
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALFONSO HINAJOSA, also known as Alfonso Hinojosa, III, Alonso Honojosa, also known as Total-Out-Kast,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CR-365-1

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alfonso Hinajosa, federal prisoner # 16411-380, moves for leave to proceed in forma pauperis (IFP) on appeal. He seeks to challenge the denial of his 18 U.S.C. § 3582(c)(2) motion in which he sought a sentence reduction pursuant to Amendment 782 to U.S.S.G. § 2D1.1. We construe Hinajosa's motion to proceed IFP as a challenge to the court's certification that his appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).   Our inquiry into his good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

We review the denial of § 3582(c)(2) relief for abuse of discretion.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  Amendment 782, made retroactively applicable by Amendment 788, lowered the base offense levels in § 2D1.1(c) by two levels and has the effect of lowering Hinajosa's total offense level to 25.  With a total offense level of 25 and a Criminal History Category of V, Hinajosa faced an amended guidelines range of 100-125 months in prison. The district court sentenced Hinajosa to 80 months in prison, below the minimum of the amended guidelines range, based on the inadequacy of Hinajosa's criminal history category.  The district court therefore could not further reduce Hinajosa's term of imprisonment because Hinajosa had not received a downward departure pursuant to a government motion to reflect his substantial assistance to authorities.  *See* U.S.S.G. § 1B1.10(b)(2)(A), (B), comment. (n.1(A)); *United States v. Leatch*, 858 F.3d 974, 976 (5th Cir. 2017).

The district court thus did not abuse its discretion in denying Hinajosa's § 3582(c)(2) motion.  *See Henderson*, 636 F.3d at 717.  Because the appeal lacks arguable merit and is therefore frivolous, Hinajosa's motion for leave to proceed IFP on appeal is DENIED.  *See Howard*, 707 F.2d at 220.  Because the merits of Hinajosa's appeal are so intertwined with the certification decision as to constitute one issue, his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 & n. 24; 5TH CIR. R. 42.2.