**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JAMES M. McALPINE,

      Defendant - Appellant.

No. 15-3066
(D.C. No. 6:12-CR-10188-MLB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

---

After James McAlpine pleaded guilty to two counts of violating 21 U.S.C.

§ 843(b), the district court sentenced him to 72 months in prison. That prison

term was well below the 96 months the advisory guidelines recommended because

of a downward variance based on the district court's assessment of the sentencing

factors in U.S.C. § 3553(a)(2)(A). Later, though, the sentencing commission

amended the advisory guidelines range for Mr. McAlpine's offenses, now

---

    [*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recommending a prison term of between 92 and 96 months. When this happened, Mr. McAlpine filed a motion in district court seeking to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Mr. McAlpine's motion on the ground that his existing sentence of 72 months imprisonment was already below the amended guidelines range and thus could not be modified under the terms of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(b)(2).

Mr. McAlpine appeals that holding but we can discern no error in it. To be sure, § 3582(c)(2) empowers a district court to modify a defendant's original sentence if that sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." And, to be sure, Mr. McAlpine's applicable sentencing range has indeed been lowered by the commission. But the statute doesn't stop there. It goes on to add that a district court may modify a defendant's original sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." And the relevant policy statement here, U.S.S.G. § 1B1.10(b)(2)(A-B), expressly provides that (with one exception not relevant here) a court "shall not" reduce a defendant's sentence below the amended guidelines range. Given this binding guidance and given the fact Mr. McAlpine's original sentence is already below the amended guidelines range, the statute offers no prospect of relief. He is, just as the district court held, ineligible for any further sentence modification. *See United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013) ("§ 1B1.10(b)(2)(B) bars

- 2 -

a district court from lowering a defendant's below-guideline sentence...."); *United States v. Nichols*, 789 F.3d 795, 796 (7th Cir. 2015); *United States v. Berberena*, 694 F.3d 514, 518-19 (3d Cir. 2012); *United States v. Glover*, 686 F.3d 1203, 1207 (11th Cir. 2012).

Affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge