FILED
United States Court of Appeals
Tenth Circuit

December 14, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ARMAN BAYATYAN,

    Defendant - Appellant.

No. 15-6131
(D.C. No. 5:10-CR-00224-F-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Arman Bayatyan was charged with one count of knowingly and intentionally
conspiring with others to possess with intent to distribute five kilograms or more of a
mixture or substance containing a detectable amount of cocaine powder, 21 U.S.C.
§ 841(a)(1), (b)(1)(A), and knowingly and intentionally possessing with intent to
distribute five kilograms or more of a mixture or substance containing a detectable
amount of cocaine powder, 21 U.S.C. § 841(a)(1), (b)(1)(A). He pleaded guilty to
possession with intent to distribute the charged amount of cocaine powder under the

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

terms of a written plea agreement. Bayatyan's sentence was computed using the 2011 Sentencing Guidelines. He was held accountable for 148.6 kilograms of cocaine powder, yielding a base offense level of 36. Bayatyan was given a two level reduction for the safety valve adjustment and a three level reduction for acceptance of responsibility. With a total offense level of 31 and a criminal history category of I, Bayatyan's advisory guideline range was 108 to 135 months. Based on the nature and circumstances of the offense and the characteristics of the defendant, Bayatyan received a below-Guidelines sentence of 84 months' incarceration and five years of supervised release. Bayatyan did not appeal.

The Sentencing Commission later promulgated Amendment 782 which provided for a two-offense-level reduction for many drug offenses, including Bayatyan's, effective November 1, 2014. In April 2015, Bayatyan filed a motion under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence. Had he been sentenced under the new guideline range, Bayatyan's advisory guideline range would have been 87 to 108 months. The Probation Office and the United States Attorney argued Bayatyan was ineligible for a sentence reduction because his original sentence fell below the new guideline range. *Id.* Bayatyan argued that the application of the amended version of U.S.S.G. § 1B1.10 violated the Ex Post Facto Clause of the Constitution, U.S. Const. Ar. I, § 9, cl. 3, because he may have been eligible for a reduction of his sentence under the version of §1B1.10 in May 2010, the time of his crime. The district court summarily denied his motion. Bayatyan now appeals. Exercising jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, we affirm.

2

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008).

Before Amendment 759, § 1B1.10(b)(2) read as follows:

(2) Limitation and Prohibition on Extent of Reduction

(A) In General.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection

(B) Exception.—If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. § 3553(a) and United States v. Booker, 543 U.S. 220 (2005), a further reduction *generally would not be appropriate*.

U.S.S.G. § 1B1.10(b) (2010) (emphasis added). This exception applies only to covered amendments then listed in the guideline:

(c) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

U.S.S.G. § 1B1.10(c). The amended version which became effective on Nov. 1, 2011, reads as follows:

(2) Limitation and Prohibition on Extent of Reduction

(A) Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the

3

minimum of the amended guideline range determined under subdivision (1) of this subsection

(B) Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10 (2014). The guideline also lists covered amendments:

(d) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).

U.S.S.G. § 1B1.10(d).

"We review de novo the district court's interpretation of a statute or the sentencing guidelines." *United States v. Sharkey*, 543 F.3d 1236, 1238 (10th Cir. 2008). Before an amended guideline presents an ex post facto violation, it must present "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Peugh v. United States*, 113 S. Cr. 2072, 2082 (2013) (quoting *Garner v. Jones*, 529 U.S. 244, 250 (2000)). Bayatyan argues that, because he would have been eligible to be considered for a sentence reduction under the 2010 version but is barred by the current version, Amendment 759 violated his ex post facto rights (even though the 2010 version declared that relief "generally would not be appropriate," and Bayatyan offers no persuasive reason why his case should be the exception).

4

Bayatyan's ex post facto argument is misplaced. First, he was sentenced under the 2011 Guidelines Manual which already included the new version of § 1B1.10. Second, the 2010 version of § 1B1.10 would not help Bayatyan. Eligibility for a reduction is tied to the list of covered amendments listed in § 1B1.10. Even if Bayatyan were sentenced under the 2010 Guidelines, that version of § 1B1.10 never encompassed Amendment 782; the last amendment it applied to was Amendment 715. Amendment 782 was never a covered amendment under the 2010 Guidelines for the obvious reason that it did not yet exist. When the Sentencing Commission amended § 1B1.10 in 2011, all later reductions in the guidelines were subject to that provision.

The situation may have been different had Bayatyan been sentenced under the 2010 Guidelines (or earlier) and now filed a motion for a reduction under Amendment 715. Because that amendment was a covered amendment under the 2010 version of § 1B1.10, Bayatyan may have been able to make out an ex post facto claim. Here, however, he has suffered no disadvantage: at no point was Amendment 782 covered under the 2010 version of § 1B1.10. Rather, by the time the Sentencing Commission promulgated Amendment 782, the only version of § 1B1.10 available was the current one. There is no ex post facto violation.

This result is in line with other circuits that have considered the question. *See United States v. Waters*, 771 F.3d 679, 681 (9th Cir. 2014) ("[B]ecause application of the amendments would not increase the punishment for [the defendant's] crime over what was imposed when he was sentenced, there is no ex post facto problem.");

5

*United States v. Diggs*, 768 F.3d 643, 645 (7th Cir. 2014) ("By nature, a § 3582(c)(2) proceeding to reduce a sentence does not have any bearing on the ex post facto clause, because it cannot increase a punishment."). In *United States v. Colon*, 707 F.3d 1255, 1258 (11th Cir. 2013), the Eleventh Circuit found that the point of comparison for ex post facto purposes were the guidelines when the defendant committed her crimes, in that case 2005. *Id.* At that point neither the new version of § 1B1.10 nor the leniency amendment at issue existed. *Id.* Therefore, the court determined that the new version of § 1B1.10 could not increase the guideline range above what it was at the time the defendant committed her crime. *Id.* at 1259. Rather, the defendant's "guidelines range after those amendments was the same as it would have been without them." *Id.* Thus, there was no ex post facto violation. Bayatyan's situation is analogous.

We find no ex post facto violation in applying the current version of § 1B1.10 to Bayatyan and therefore we affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge

6