**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 9, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KEVIN HINSON,

      Defendant - Appellant.

No. 15-3276
(D.C. No. 6:07-CR-10076-JTM-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **GORSUCH**, **BALDOCK**, and **McHUGH**, Circuit Judges.

After Kevin Hinson was convicted on federal drug charges, the district

court turned to the task of sentencing. Consulting the advisory guidelines, the

court found that Mr. Hinson's offense level was 36, that his criminal history

category was VI, and that in light of these classifications the guidelines

recommended a prison term of 324 to 405 months. After completing this analysis,

the court expressed its view that a criminal history category of VI overstated the

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

seriousness of Mr. Hinson's past offenses and chose to depart downward, sentencing Mr. Hinson to 240 months, a term within the range recommended for someone with an offense level of 36 and a criminal history category of III.

Later, the sentencing commission retroactively amended the guidelines ranges applicable to many drug crimes. As a result, Mr. Hinson's offenses now carry an offense level of 34 and a guidelines range of 262 to 327 months. *See* U.S. Sentencing Guidelines Manual (U.S.S.G.) supp. app. C, amends. 782, 788 (2014); *id.* ch. 5, pt. A. Knowing this, Mr. Hinson filed a motion in the district court seeking to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). But the district court denied Mr. Hinson's motion on the ground that he is ineligible for relief because his original sentence — 240 months — is already below the amended guidelines range.

Mr. Hinson appeals that ruling, but we can discern no error in it. Mr. Hinson is correct that § 3582(c)(2) empowers a district court to modify a defendant's original sentence if it was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." And to be sure, the commission has lowered the guidelines range applicable to Mr. Hinson's offenses. *Compare* U.S.S.G. § 2D1.1(c)(2) (2007), *with* U.S.S.G. § 2D1.1(c)(3) (2014). But § 3582(c)(2) also states that a district court may modify a defendant's original sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." And the relevant policy

statement, U.S.S.G. § 1B1.10(b)(2)(A)-(B) (2014), provides (with one exception not relevant here) that a court "shall not" reduce a defendant's sentence to a term below the amended guidelines range. In light of this binding guidance and the fact that Mr. Hinson's original sentence is below his amended guidelines range, the district court correctly concluded that no relief is available to him under § 3582(c)(2). *See, e.g.*, *United States v. McAlpine*, 613 F. App'x 766, 766-67 (10th Cir. 2015); *United States v. Hogan*, 722 F.3d 55, 62 (1st Cir. 2013).

Mr. Hinson replies that his original sentence *isn't* below the amended guidelines range. As he sees it, the district court originally determined his criminal history category to be III (not VI). And because that determination was not affected by Amendment 782, the district court is stuck with it for purposes of this § 3582(c)(2) motion. *Dillon v. United States*, 560 U.S. 817, 827 (2010). Using a criminal history category of III, Mr. Hinson argues that his amended guidelines range is actually 188 to 235 months, *see* U.S.S.G. ch. 5, pt. A, and that his original sentence of 240 months may still therefore be reduced consistently with § 3582(c)(2) and § 1B1.10.

We are unable to agree. Yes, the district court stated at the original sentencing hearing that, in its view, a sentence consistent with a criminal history category of III would be more appropriate for Mr. Hinson. *See* R. vol. I, at 622-23. But the court also expressly found that, correctly calculated, Mr. Hinson's criminal history category under the advisory guidelines was VI, and only then did

it depart downward to a term within the range recommended for someone with a criminal history category of III. *See id.* at 623 ("I am finding that the total offense level of 36 is accurate. Criminal history category of 6 is accurate. But I do intend to depart to a criminal history category of 3 on the basis that your criminal history category is seriously over-represented . . . ."). And to secure relief under § 3582(c)(2), it's clear that a defendant's amended guidelines range must be calculated using the criminal history category determined by the district court "*before consideration of any departure*." U.S.S.G. § 1B1.10 cmt. n.1(A) (2014) (emphasis added).

At this point, Mr. Hinson offers one more argument still. If he *is* barred from relief because his original sentence is below the amended guidelines range, he insists there must be an ex post facto problem. For while the 2014 version of § 1B1.10 might bar relief, he argues that application of the version in use at the time of his crime in 2005 would not.

We cannot see an ex post facto problem here. For one, the 2005 version of § 1B1.10 didn't list Amendment 782 (which wouldn't come into existence for several more years) as a covered amendment, and so it could not have afforded him any relief on the basis of it. And as we've already explained, neither is Mr. Hinson eligible for relief under the 2014 version of § 1B1.10. But even assuming he is, the application (or not) of Amendment 782 could not give rise to an ex post facto problem, for it offers only the prospect of reducing (not increasing) a

- 4 -

defendant's sentence. *See, e.g.*, *United States v. Diggs*, 768 F.3d 643, 645 (7th Cir. 2014) ("By nature, a § 3582(c)(2) proceeding to reduce a sentence does not have any bearing on the ex post facto clause, because it cannot increase a punishment."). *See generally United States v. Wilson*, — F. App'x —, No. 15-6187, 2016 WL 324863, at *3-4 (10th Cir. Jan. 27, 2016); *United States v. Bayatyan*, — F. App'x —, No. 15-6131, 2015 WL 8600018, at *2-3 (10th Cir. Dec. 14, 2015).

Affirmed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge